UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>LESHAWN LAWSON,<br>　　　　Defendant. | Case No. 15-cr-00119-PJH-1<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br>Re: Doc. No. 100 |

　　　　Before the court is the motion of defendant Leshawn Lawson for reconsideration of the court's credibility determination as set forth in the April 14, 2016 order denying defendant's motion to suppress evidence seized from his person and from his car.  Doc. no. 100.  The court determines that the matter is suitable for decision without a response from the government and without oral argument, and DENIES the motion for reconsideration for the reasons set forth below.

　　　　Defendant seeks reconsideration of the court's finding that "defendant's outright denial of consent and other aspects of his conversation with Officer Williams is not credible in light of defendant's demeanor when answering questions in court, where defendant demonstrated an eagerness to respond and explain himself, often talking over his attorney and even the court."  Doc. no. 79.  Defendant contends that his attorney has not found evidence in the transcript that defendant "often" talked over his attorney or the court.  As a practical matter, the court reporter can only transcribe one statement at a time and a written transcript does not necessarily capture simultaneous statements by multiple speakers.  Nevertheless, the court has reviewed the transcript of the evidentiary

1  hearing, which was made available after the court issued its ruling, and has identified the
2  following excerpts recording instances of defendant interrupting or talking over questions
3  posed during his examination, as indicated by defendant's interjections into his
4  attorney's, the government attorney's, or the court's broken sentences, which is
5  consistent with the court's recollection:

      65:12-17

      73:7-12

      74:16-19

      76:25 - 77:4

      86:23 - 87:3

      89:13-19

      91:1-11

Doc. no. 90 (Mar. 18, 2016 Transcript).

    Defendant further argues that a witness's speaking style, which the court described as having an "ease of conversation," should not be considered as meaningful to a credibility finding. He contends that "adamantly" insisting that he never gave consent and his "eagerness to respond and explain himself" should weigh in favor of his credibility, not unfavorably against his credibility. The court's credibility finding was not limited to considering defendant's demeanor standing alone, but was based on determining whether defendant's demeanor and eagerness to talk was more consistent with Officer Williams's account of the traffic stop, or with defendant's account of the traffic stop. Defendant's manner of testifying was consistent with Officer Williams's account that he and defendant engaged in casual conversation before Officer Williams asked for consent to search the car. Defendant's ease of conversation in court was not, however, consistent with his insistence that Officer Williams never asked for consent, that Officer Williams knew that defendant was not going to cooperate, that defendant never gave consent to search the car, and that he was familiar with his rights and he knew when he did not have to talk to law enforcement officers.

Defendant also argues that his attorney saw nothing in his demeanor which indicated falsity, and represents that counsel advised him to show passion and avoid hesitation in his responses. He urges that following his attorney's advice should not be counted against him. None of this information about legal advice or preparation was disclosed to the court at the evidentiary hearing and it was not considered in making the credibility determination. Rather, the court weighed factors that fact finders may properly consider in determining credibility, and primarily relied on the witness's manner while testifying and the witness's interest in the outcome of the case. *See* Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit, Instructions 1.7 and 3.9. The court observed defendant's demeanor, which was not limited to his speaking style, but also his animated gesturing, leaning over the witness stand, and asking for exhibits to corroborate his account. The court recognizes that these aspects of a witness's manner of testifying are not captured on a transcript, but they do influence a credibility determination.

Lastly, defendant contends that it was the government's burden to show that defendant lied and that the officer told the truth about defendant's consent to search the car. The issue of consent was decided on the basis of direct testimony, where the court was called upon to make a credibility determination between witnesses with diametrically opposed accounts of whether defendant consented to the search. While the government bore the burden of proof on the issue of consent, defendant appears to suggest that, in the absence of evidence to corroborate either witness's account, defendant's testimony should prevail. However, the court, as fact-finder, may take into account factors that bear on believability that are not limited to corroborating or contradictory evidence. The court did not find any reason to believe defendant's testimony over Officer Williams's testimony that he asked defendant for consent to search the car and that defendant gave consent, and the court found that Officer Williams's testimony was entitled to more weight than defendant's testimony elicited at the evidentiary hearing, for the reasons stated in the April 14, 2016 Order Denying Defendant's Motions and as more fully set forth herein.

1   Accordingly, defendant's motion for reconsideration is DENIED.

2   **IT IS SO ORDERED.**

3   Dated: June 24, 2016

4   _____
    PHYLLIS J. HAMILTON
5   United States District Judge