1

2

3

4

5

6

7

8

9

10

11

United States District Court
Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

                Plaintiff/Respondent,

    v.

LESHAWN LAWSON,

                Defendant/Movant.

Case No.  15-cr-00119-PJH-1

**ORDER TO SHOW CAUSE**

Before the court is the pro se motion of defendant Leshawn Lawson ("movant" or "Lawson") for an order pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence.  Dkt. no. 155 ("Mot.").  Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the court conducts an initial review of this motion to determine whether it presents a cognizable claim for relief and requires a response by the government.  For the reasons set forth below, the court orders the government as respondent to show cause why relief should not be granted on the § 2255 motion.

**BACKGROUND**

Lawson is currently serving a sentence imposed by this court.  On February 19, 2015, a grand jury returned a single count indictment charging Lawson with one count of violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) for possession with intent to distribute cocaine.  On July 26, 2016, Lawson was found guilty after a stipulated facts bench trial.  At the sentencing held on February 8, 2017, the court found that Lawson had two prior felony convictions of a controlled substance offense and applied the career offender

1   enhancement under § 4B1.1(b)(1) of the federal Sentencing Guidelines.  Based on a total

2   offense level of 35 and criminal history category of VI, the applicable guideline

3   imprisonment range was 292 months to 365 months.  The court sentenced Lawson to a

4   term of imprisonment of 214 months, a term of five years of supervised release, and a

5   special assessment of $100.

## DISCUSSION

7   On February 21, 2020, Lawson filed the instant motion to vacate, set aside or

8   correct the sentence pursuant to 28 U.S.C. § 2255.  Under § 2255, a federal prisoner

9   may file a motion to vacate, set aside, or correct a sentence on the grounds that "the

10   sentence was imposed in violation of the Constitution or laws of the United States, or that

11   the court was without jurisdiction to impose such sentence, or that the sentence was in

12   excess of the maximum authorized by law, or is otherwise subject to collateral attack."

13   28 U.S.C. § 2255(a).  A prisoner filing a claim for federal habeas relief under 28 U.S.C.

14   § 2255 is entitled to an evidentiary hearing "[u]nless the motion and the files and records

15   of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C.

16   § 2255(b); *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003).

17   Lawson asserts the following grounds for relief: (1) that his sentence under the

18   career offender sentencing guidelines violates due process because neither of his prior

19   convictions based on possession of methamphetamine qualifies as a "controlled

20   substance offense" within the meaning of U.S.S.G. § 4B1.2(b) in light of the holding of

21   *Lorenzo v. Sessions*, 902 F.3d 930 (9th Cir. 2018), *opinion withdrawn*, 913 F.3d 930 (9th

22   Cir. 2019), *and opinion superseded on denial of reh'g sub nom. Lorenzo v. Whitaker*, 752

23   Fed. Appx. 482 (9th Cir. 2019); (2) that he was denied effective assistance of counsel

24   based on counsel's failure to object to the career offender enhancement on the grounds

25   that the prior convictions for violation of California Health and Safety Code § 11378 did

26   not categorically qualify as controlled substance offenses because that state statute's

27   definition of methamphetamine was broader than the federal definition; and (3) that he

28   was denied effective assistance of counsel on appeal based on appellate counsel's

United States District Court
Northern District of California

failure to appeal Lawson's sentencing as a career offender, where he lacked the requisite

predicate felonies for such classification.  Liberally construed, these claims appear

colorable under 28 U.S.C. § 2255 and merit a response by the government.

## CONCLUSION

For the foregoing reasons, the court ORDERS the government to show cause why

relief should not be granted on the § 2255 motion.  The following deadlines will apply:

(1) within 35 days of the date of this order, the government shall file an opposition

conforming in all respects to Rule 5 of the Rules Governing Section 2255 Proceedings,

showing cause why the court should not "vacate, set aside or correct the sentence" being

served by movant Lawson; the opposition shall be accompanied by a declaration

submitting records of Lawson's state court convictions underlying the career offender

designation at sentencing;

(2) Lawson may file a reply brief 21 days after the opposition is filed and served.

Thereafter, the matter will be deemed submitted on the papers.

**IT IS SO ORDERED.**

Dated: May 8, 2020

_/s/  Phyllis J. Hamilton_
PHYLLIS J. HAMILTON
United States District Judge

United States District Court
Northern District of California

2