UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>LESHAWN LAWSON,<br>　　　　Defendant. | Case No. 15-cr-00119-PJH-1<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>Re: Dkt. No. 173 |

　　　　Before the court is the represented motion of defendant Leshawn Lawson for reduction of sentence pursuant to the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

　　　　Defendant filed a pro se motion for compassionate release on September 20, 2021. See Dkt. 173. The court then issued an order setting a briefing schedule on defendant's motion for compassionate release. See Dkt. 174. In the order, the court noted that, pursuant to this court's Miscellaneous Order 2019.01.25, defendant's pro se motion for compassionate release was referred to the Federal Public Defender, who had "21 days to decide whether to assume representation of the defendant." The court also noted that there is no Sixth Amendment right to counsel with respect to a motion under 18 U.S.C. § 3582(c). United States v. Townsend, 98 F.3d 510, 512-513 (9th Cir. 1996). Nor is there a statutory right to counsel in connection with a motion brought under 18 U.S.C. § 3582(c). Because more than 21 days had passed without the FPD assuming representation, the court stated that the motion would proceed pro se, and set a briefing

schedule. Dkt. 174.

The government filed an opposition to the motion for compassionate release. See Dkt. 178. The Probation Office also provided a response, and then an updated response, to the compassionate release motion. See Dkt. 180, 181. Defendant did not file a reply. Having considered the relevant authorities and having reviewed the record and the parties' papers, the court DENIES the motion for compassionate release for the reasons set forth below.

## I.   BACKGROUND

On February 19, 2015 defendant was charged with one count of possession with intent to distribute and distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). See Dkt. 127 at 3. On July 26, 2016, defendant was found guilty of one count of possession with intent to distribute and distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) after a stipulated facts bench trial. Id.

At sentencing, the probation office concluded that defendant qualified as a career offender, and that his Guideline sentence range was between 292 to 365 months. Dkt. 127 at 25. Despite the Guidelines range, the probation office recommended a sentence of 240 months imprisonment. Id. The government recommended a low-end Guidelines sentence of 292 months. See Dkt. 126. The court ultimately sentenced defendant to 214 months imprisonment, a downward variance from the Guidelines range. See Dkt. 133 at 2.

Defendant is presently in the custody of the Bureau of Prisons ("BOP") at USP Pollock. Defendant has served approximately 81 months of his sentence. Dkt. 177-8 at 4. Defendant has approximately 116 months remaining on his prison term, based on a projected release date of July 20, 2030. Id. Defendant now seeks a reduction of sentence pursuant to the compassionate release provision of § 3582(c)(1)(A) based on his "medical condition, age, ethnicity, and gender." See Dkt. 173 at 2.

## II. DISCUSSION

### A. Legal Standard

A court generally may not correct or modify a prison sentence once it has been imposed, unless expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. United States v. Penna, 319 F.3d 509, 511 (9th Cir. 2003). The court may modify a previously imposed sentence upon motion of the BOP or motion of the defendant under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act which added a provision to allow defendants, not only the Director of the BOP, to file a motion for reduction of sentence after exhausting administrative remedies or waiting 30 days after the warden's receipt of a request. See United States v. Rodriguez, 424 F.Supp.3d 674, 680 (N.D. Cal. 2019). Section 3582(c)(1)(A)(i) now provides that the court may reduce an imposed term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," after considering the applicable factors set forth in section 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

### B. Requirements for Relief

As applicable to defendant's motion, compassionate release is warranted if the court finds that extraordinary and compelling reasons warrant such a reduction, after also considering the applicable § 3553(a) factors.[1]

As mentioned above, before the First Step Act, only the BOP director could file a motion for compassionate release. Those motions were governed by the applicable

---

[1] As a threshold matter, the government concedes that defendant has met the administrative exhaustion requirement for purposes of this motion. See Dkt. 178 at 4.

3

policy statement at United States Sentencing Guideline § 1B1.13. Indeed, the opening language of § 1B1.13 is: "Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A)." (emphasis added). The policy statement then set forth the test for courts to apply when ruling on those motions, including a determination that extraordinary and compelling reasons warranted the reduction, and that the defendant is not a danger to public safety. The policy statement included commentary with application notes, which set forth specific circumstances that would qualify as "extraordinary and compelling" based on the defendant's (1) medical condition, (2) age, or (3) family circumstances. U.S.S.G. § 1B1.13, cmt. n.1.

When the First Step Act amended section 3582, it was unclear whether § 1B1.13 remained an "applicable" policy statement. At first, many courts, including this one, found that § 1B1.13 was applicable even to defendant-filed motions. See, e.g., United States v. Eberhart, 448 F.Supp.3d 1086 (N.D. Cal. 2020). However, numerous circuit courts, including the Ninth Circuit, have now concluded that the current version of § 1B1.13 "is not an applicable policy statement" for defendant-filed motions for compassionate release. See United States v. Aruda, 993 F.3d 797, 802 (9th Cir. 2021); see also United States v. Brooker, 976 F.3d 228 (2nd Cir. 2020); United States v. McCoy, 981 F.3d 271 (4th Cir. 2020); United States v. Jones, 980 F.3d 1098 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178 (7th Cir. 2020).

While the § 1B1.13 policy statement is no longer binding, it may still "inform a district court's discretion" for what constitutes extraordinary and compelling reasons warranting release. See Aruda, 993 F.3d at 802.

### 1. Extraordinary and Compelling Reasons

Although section 3582(c)(1)(A)(i) does not define what constitutes "extraordinary and compelling circumstances," the application notes to the § 1B1.13 policy statement identify three sets of such circumstances: "medical condition of the defendant," "age of the defendant," and "family circumstances." U.S.S.G. § 1B1.13, cmt. n.1. As discussed above, because the policy statement is not binding, courts may consider those identified

circumstances, but are not bound by them.

Defendant's argument is that his age, ethnicity, gender, and medical condition constitute extraordinary and compelling circumstances warranting release. Specifically, defendant argues that he is "particularly medically vulnerable because he is a 46-year-old black man who suffers from stage 2 chronic kidney disease." Dkt. 173 at 19-20.

The § 1B1.13 policy statement does identify the "medical condition of the defendant" as a type of extraordinary and compelling circumstance. Specifically, the policy statement notes define physical or medical conditions that meet the "extraordinary and compelling" requirement as those where the defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A). While the policy statement is no longer binding, the court does find it persuasive.

Defendant argues that he has been diagnosed with stage 2 kidney disease, which increases the risk of severe illness or death from COVID-19. Dkt. 173 at 20. The government concedes that defendant's kidney disease does place him at a higher risk of becoming seriously ill from COVID-19. Dkt. 178 at 9. However, the government argues that defendant no longer presents an "extraordinary and compelling reason" because he was offered a vaccine and declined it. Id.

Specifically, the government cites defendant's medical records showing that, on March 21, 2021, defendant refused the Pfizer COVID-19 vaccine. Dkt. 177-3 at 67. Courts have held that a vaccine refusal weighs against compassionate release because any health risk "is self-incurred." See, e.g., United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021).

However, the government's brief does not acknowledge that defendant's medical records also show that defendant subsequently agreed to take the Pfizer COVID-19

vaccine.  See Dkt. 177-3 at 102 (showing first dose administered in May 2021, second dose in June 2021).

The court concludes that defendant's health status does not constitute extraordinary and compelling circumstances warranting release.  While the COVID-19 vaccines may not provide absolute protection against all infections, the evidence so far shows that they do provide significant protection against severe illness and death resulting from the coronavirus.  See, e.g., United States v. Gibbs, 2021 WL 3929727 (E.D. Pa. Sept. 2, 2021); United States v. Meza-Orozco, 2021 WL 3630519 (W.D. Wash. Aug. 17, 2021).  And as other courts have observed, defendants are "free to renew" their motions "should more information emerge suggesting that the [] vaccine cannot protect him from new imminent strains of COVID-19," but at this time, such "speculation" does not constitute extraordinary and compelling circumstances warranting release.  See United States v. White, 2021 WL 964050 at *2 (E.D. Mich. Mar. 15, 2021).

The government further cites statistics showing that there are currently zero inmate cases and zero staff cases of COVID-19, and zero inmate deaths at USP Pollock. Dkt. 178 at 3.[2]

Based on the above, the court concludes that defendant's medical condition does not constitute extraordinary and compelling circumstances warranting relief.

The court now turns to defendant's second cited basis for relief – his age.  The government does not address this argument in its opposition brief.

While the policy statement does identify age as a possible basis for finding extraordinary and compelling reasons warranting release, the policy statement notes make clear that only prisoners who are "at least 65 years old" may be considered for release based on their age.  U.S.S.G. § 1B1.13, cmt. n.1(B).  Again, while the policy statement is no longer binding, the court does find it persuasive.  And in this case, where defendant is 46 years old, the court does not find that his age constitutes extraordinary

---

[2] See also https://www.bop.gov/coronavirus (accessed on Nov. 30, 2021).

and compelling circumstances warranting relief.

Finally, defendant cites his ethnicity and gender as extraordinary and compelling circumstances warranting relief. The government again does not address these arguments in its opposition brief. While defendant cites news articles suggesting possible correlations between his race/gender and his COVID-19 risk, defendant has not established that either his race or his gender, standing alone, constitutes extraordinary and compelling circumstances warranting release.

Having already concluded that none of the circumstances identified by defendant are sufficiently extraordinary and compelling to warrant release, the court now also concludes that, even considering the totality of the circumstances, defendant has not established that there are extraordinary and compelling circumstances warranting release. For that reason alone, defendant's motion for compassionate release is DENIED.

The court further notes that, even if the court were to find that the totality of the circumstances presented by defendant were sufficiently extraordinary and compelling to warrant release, his motion would still be denied due to the court's consideration of the § 3553(a) sentencing factors, described as follows.

### 2.     Section 3553(a) Factors

Having considered the applicable § 3553(a) factors, the court further finds that a reduction of defendant's sentence would not serve the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, or to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. See 18 U.S.C. § 3553(a)(2)(A)–(C).

As mentioned above, the Guidelines range for defendant's offenses was between 292 and 365 months, which was considerably higher than defendant's ultimate sentence of 214 months. The court also notes that defendant was found to be a career offender at sentencing. Dkt. 144 at 13. If defendant's motion were to be granted, and his sentence

reduced to time served, it would result in a reduction of sentence to approximately 81 months.  Simply put, a sentence of 81 months for a defendant facing a Guidelines range of 292 to 365 months would create an unwarranted disparity among defendants with similar records who have been found guilty of similar conduct.  Such a reduction in sentence would also not afford adequate deterrence to criminal conduct, reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.

On balance, the court finds that the relevant § 3553(a) factors do not support defendant's request for a reduction in sentence.  Thus, even if defendant had shown extraordinary and compelling circumstances warranting release, his motion must still be DENIED.

## III.   CONCLUSION

For the reasons set forth above, the motion for reduction of sentence pursuant to the compassionate release provision of § 3582(c)(1)(A) (Dkt. 173) is DENIED.

The government has also filed a motion to seal exhibits that include medical information and personally identifying information.  See Dkt. 177.  Defendant's motion to seal is GRANTED.

Finally, defendant has filed a motion to expand the record, seeking the court's consideration of certain public health documents and news reports regarding COVID-19.  See Dkt. 174.  Defendant's motion to expand the record is GRANTED.

**IT IS SO ORDERED.**

Dated:  November 30, 2021

                /s/ *Phyllis J. Hamilton*
                PHYLLIS J. HAMILTON
                United States District Judge