UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>LESHAWN LAWSON,<br>Defendant. | Case No. 15-cr-00119-PJH-1<br><br>**ORDER RE MOTION FOR CLARIFICATION**<br>Re: Dkt. No. 200 |

The defendant in the above-captioned case has filed a pro se motion for sentence reduction. See Dkt. 173. Pursuant to this court's Miscellaneous Order 2019.01.25, defendant's motion was referred to the Federal Public Defender, who had "21 days to decide whether to assume representation of the defendant." The FPD did not assume representation, and the government has filed an opposition to defendant's motion. See Dkt. 196.

After the government filed its opposition brief, defendant filed a motion for clarification, asking whether he should file a reply to the government's brief, or whether he should wait for further instruction from the court.

The court GRANTS defendant's motion for clarification, and now clarifies that defendant may file a reply to the government's opposition brief, within 21 days of the date of this order. The court will proceed with defendant's motion pro se because, as explained in connection with defendant's first 3582 motion, there is no Sixth Amendment right to counsel with respect to a motion under 18 U.S.C. § 3582(c). United States v. Townsend, 98 F.3d 510, 512-513 (9th Cir. 1996). Nor is there a statutory right to counsel

in connection with a motion brought under 18 U.S.C. § 3582(c).  "A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance ... through appeal, including ancillary matters appropriate to the proceedings."  18 U.S.C. 3006A(c).  A motion brought under 18 U.S.C. § 3582(c) does not constitute an "ancillary matter[ ]" requiring counsel to be appointed.  See, e.g., United States v. Whitebird, 55 F.3d 1007 (5th Cir. 1995).

As explained above, the government has already filed an opposition to defendant's motion.  See Dkt. 196.  The Probation Office filed a statement in connection with defendant's previous 3582 motion, but has not filed a response to defendant's present motion.  See Dkt. 180, 181.  The Probation Office may choose to stand on its previous response, or may choose to file a new response – and if it chooses to file a new response, it shall have until **November 4, 2025** to do so.  Defendant shall have until **November 18, 2025** to file a reply in support of his motion for sentence reduction.  The motion will thereafter be decided on the papers.

**IT IS SO ORDERED.**

Dated:  October 20, 2025

                                         /s/ *Phyllis J. Hamilton*
                                      PHYLLIS J. HAMILTON
                                      United States District Judge