UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LESHAWN LAWSON,<br><br>Defendant. | Case No. 15-cr-00119-PJH-1<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>Re: Dkt. No. 189 |

Before the court is the pro se motion of defendant Leshawn Lawson for reduction of sentence pursuant to the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

This is defendant's second motion for compassionate release. Defendant filed his first motion for compassionate release on September 20, 2021, arguing that his medical condition, age, ethnicity, and gender put him at risk for serious complications if he were to contract COVID-19. See Dkt. 173. After briefing was completed, the court denied defendant's motion, noting that defendant had agreed to take the COVID-19 vaccination after his motion was filed, and concluding that that vaccine provided significant protection against serious illness and/or death resulting from COVID-19. See Dkt. 182 at 5-6. The court further noted that defendant's motion sought a reduced sentence of 81 months, even though his Guidelines range at sentencing was 292 to 365 months. See id. at 7-8.

Defendant has now filed a second motion for compassionate release. The current motion argues that defendant's medical condition warrants a reduction in sentence.

The government has filed an opposition to the motion for compassionate release. See Dkt. 196. The Probation Office also provided a response to the compassionate release motion. See Dkt. 202. Defendant then filed a reply. See Dkt. 204. Having considered the relevant authorities and having reviewed the record and the parties' papers, the court DENIES the motion for compassionate release for the reasons set forth below.

## I.       BACKGROUND

On February 19, 2015, defendant was charged with one count of possession with intent to distribute and distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). See Dkt. 127 at 3. On July 26, 2016, defendant was found guilty of one count of possession with intent to distribute and distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) after a stipulated facts bench trial. Id.

At sentencing, the probation office concluded that defendant qualified as a career offender, and that his Guideline sentence range was between 292 to 365 months. Dkt. 127 at 25. Despite the Guidelines range, the probation office recommended a sentence of 240 months imprisonment. Id. The government recommended a low-end Guidelines sentence of 292 months. See Dkt. 126. The court ultimately sentenced defendant to 214 months imprisonment, a downward variance from the Guidelines range. See Dkt. 133 at 2.

Defendant is presently in the custody of the Bureau of Prisons ("BOP") at USP Allenwood[1]. Defendant has approximately 55 months remaining on his prison term, based on a projected release date of August 30, 2030. See Dkt. 196 at 1. Defendant now seeks a reduction of sentence pursuant to the compassionate release provision of § 3582(c)(1)(A) based on his medical condition See Dkt. 189 at 1.

---

[1] Defendant was housed at USP Gilmer at the time that his motion was filed, but his reply indicates that he was moved to USP Allenwood.

United States District Court
Northern District of California

## II.    DISCUSSION

### A.    Legal Standard

A court generally may not correct or modify a prison sentence once it has been imposed, unless expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.  United States v. Penna, 319 F.3d 509, 511 (9th Cir. 2003).  The court may modify a previously imposed sentence upon motion of the BOP or motion of the defendant under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act which added a provision to allow defendants, not only the Director of the BOP, to file a motion for reduction of sentence after exhausting administrative remedies or waiting 30 days after the warden's receipt of a request.  See United States v. Rodriguez, 424 F.Supp.3d 674, 680 (N.D. Cal. 2019).

Section 3582(c)(1)(A)(i) now provides that the court may reduce an imposed term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," after considering the applicable factors set forth in section 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

### B.    Requirements for Relief

As set forth above, after exhaustion of administrative remedies, compassionate release is warranted if the court finds that extraordinary and compelling reasons warrant such a reduction, after also considering the applicable § 3553(a) factors and policy statements.

The applicable policy statement can be found in United States Sentencing Guidelines § 1B1.13, which was amended in 2023 to reflect the changes brought about by the First Step Act.  Section 1B1.13 provides that "extraordinary and compelling

3

reasons exist under any of the following circumstances or a combination thereof," listing (1) medical circumstances of the defendant, (2) age of the defendant, (3) family circumstances of the defendant, (4) victim of abuse, (5) other reasons, or (6) unusually long sentence. See U.S.S.G. § 1B1.13(b). Section 1B1.13 further provides that the rehabilitation of the defendant, by itself, is not an extraordinary and compelling reason for purposes of the policy statement, but may be considered in combination with other circumstances. See U.S.S.G. § 1B1.13(d).

### 1. Administrative Exhaustion

As a threshold matter, the government argues that defendant has not exhausted his administrative remedies, thus warranting denial of his motion. The government acknowledges that defendant submitted an administrative motion to the warden in 2021, before his first compassionate release motion was filed, but argues that "each motion for compassionate release must independently satisfy the exhaustion requirement." See Dkt. 196 at 4 (citing United States v. Keller, 2 F.4th 1278, 1282-83 (9th Cir. 2021)).

The government also argues that defendant's present motion is "based on different grounds" than his previous motion. Specifically, the government argues that defendant's present motion is based only on his medical condition, whereas his previous motion was based on his increased risk of COVID-19 complications due to his medical condition, age, ethnicity, and gender. See Dkt. 196 at 5. The government also points out that defendant's first motion discussed only his kidney disease, while his present motion discusses his kidney disease along with three other medical conditions (namely, an enlarged prostate, a benign lipomatous neoplasm, and hypertension). See id.

The government acknowledges that "the Ninth Circuit has not yet addressed whether issue exhaustion is required." See Dkt. 196 at 5; see also United States v. Bakhtiari, 2022 WL 1289050, at *1 (N.D. Cal. Apr. 30, 2022) ("the statute is silent on whether issue exhaustion is required, [and] our court of appeals has not spoken directly to this question.").

However, this court need not take a position on whether issue exhaustion is

required in order to conclude that defendant has not exhausted his administrative remedies.  In <u>Keller</u>, the Ninth Circuit made clear that a defendant must exhaust administrative remedies with each subsequent motion for compassionate release, and defendant acknowledges that he has not done so here.  Accordingly, defendant's motion must be DENIED on that basis alone.

However, out of an abundance of caution, the court will continue to address defendant's compassionate release motion on the merits.

### 2.    Extraordinary and Compelling Reasons

Defendant's argument is that his medical condition constitutes extraordinary and compelling circumstances warranting release.  Specifically, defendant argues that he has (1) an enlarged prostate with lower urinary tract symptoms, (2) stage 2 kidney disease, (3) a benign lipomatous neoplasm, and (4) hypertension.  <u>See</u> Dkt. 189-1 at 12-15.

Defendant specifically cites to § 1B1.13(b)(1)(B), § 1B1.13(b)(1)(C), and § 1B1.13(b)(5), which read as follows:

(b) *Extraordinary and Compelling Reasons*.—Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:

(1) *Medical Circumstances of the Defendant*.—

…

(B) The defendant is—

(i) suffering from a serious physical or medical condition,

(ii) suffering from a serious functional or cognitive impairment, or

(iii) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C) The defendant is suffering from a medical condition that requires

long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

…

(5) *Other Reasons*.—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

The crux of the parties' dispute is defendant's kidney condition – defendant claims that he has stage 2 kidney disease which has been inaccurately labeled "resolved" by re-diagnosing it as "somatoform disorder," while the government claims that defendant's kidney disease has indeed resolved, and attaches medical records supporting that conclusion. See Dkt. 197, Ex. 1.[2]

In his reply, defendant simply disputes the medical records, arguing that they do not "preclude the court from finding [defendant's] current condition meets the threshold for extraordinary and compelling circumstances." See Dkt. 204 at 3-4.

Given the medical records supporting the government's position that defendant's kidney disease has resolved, and given the lack of any records supporting defendant's position, the court must conclude that the medical records are accurate and that defendant's kidney disease has indeed resolved, at least at the time that the medical records were created.

The government also argues that defendant's remaining conditions, though chronic, are common and treatable with medication. See Dkt. 196 at 6. Defendant's reply does not appear to dispute this argument, instead arguing that the government "disregards the cumulative impact" of his conditions, including conditions that were not mentioned in his opening motion, such as asthma, vomiting, and episodic hot flashes.

[2] The government has also filed a motion to seal defendant's medical records (Dkt. 197), which is GRANTED.

See Dkt. 204 at 4.

Overall, the court concludes that defendant's medical condition does not constitute extraordinary and compelling circumstances warranting release. While defendant may be dissatisfied with his level of care, the record does not indicate that he is receiving inadequate care. See, e.g., United States v. Boyle, 2023 WL 3480929, at *3 (E.D. Cal. May 16, 2023) ("dissatisfaction with his medical treatment alone does not amount to extraordinary and compelling reasons to justify a reduced sentence"); United States v. Miller, 2021 WL 2711728 (N.D. Cal. July 1, 2021) ("Chronic but manageable medical conditions alone do not constitute extraordinary and compelling circumstances.").

Based on the above, the court concludes that defendant's medical condition does not constitute extraordinary and compelling circumstances warranting relief.

Having already concluded that the circumstances identified by defendant are not sufficiently extraordinary and compelling to warrant release, the court now also concludes that, even considering the totality of the circumstances, defendant has not established that there are extraordinary and compelling circumstances warranting release. For that reason alone, defendant's motion for compassionate release is DENIED.

The court further notes that, even if the court were to find that the totality of the circumstances presented by defendant were sufficiently extraordinary and compelling to warrant release, his motion would still be denied due to the court's consideration of the § 3553(a) sentencing factors, described as follows.

### 3. Section 3553(a) Factors

Having considered the applicable § 3553(a) factors, the court further finds that a reduction of defendant's sentence would not serve the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, or to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. See 18 U.S.C. § 3553(a)(2)(A)–(C).

As mentioned above, the Guidelines range for defendant's offenses was between

United States District Court
Northern District of California

292 and 365 months, which was considerably higher than defendant's ultimate sentence of 214 months. The court also notes that defendant was found to be a career offender at sentencing. Dkt. 144 at 13.

At the time of defendant's first motion for compassionate release, the court noted that granting the motion would have resulted in a sentence of 81 months, and that "a sentence of 81 months for a defendant facing a Guidelines range of 292 to 365 months would create an unwarranted disparity among defendants with similar records who have been found guilty of similar conduct." See Dkt. 182 at 7-8.

Since then, defendant has served approximately 50 additional months. Thus, if his sentence were reduced to time served, his effective sentence would be 131 months. As before, a sentence of 131 months for a defendant facing a Guidelines range of 292 to 365 months would create an unwarranted disparity among defendants with similar records who have been found guilty of similar conduct. Such a reduction in sentence would also not afford adequate deterrence to criminal conduct, reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.

On balance, the court finds that the relevant § 3553(a) factors do not support defendant's request for a reduction in sentence. Thus, even if defendant had exhausted his administrative remedies, and shown extraordinary and compelling circumstances warranting release, his motion must still be DENIED.

III. **CONCLUSION**

For the reasons set forth above, the motion for reduction of sentence pursuant to the compassionate release provision of § 3582(c)(1)(A) (Dkt. 189) is DENIED.

**IT IS SO ORDERED.**

Dated: February 5, 2026

_/s/ Phyllis J. Hamilton_
PHYLLIS J. HAMILTON
United States District Judge